MARY J. MORTON *v.* SHELBY MORTON.

[Abstract Kentucky Law Reporter, Vol. 7—752.]

**Inadequacy of Price in Judicial Sales.**

A judicial sale is not to be set aside on the ground of inadequacy of price alone unless it be so gross as to import fraud.

**Invalid Judicial Sales.**

While land sold at judicial sale will not be set aside on account of the inadequate price received unless the price is so grossly inadequate as to import fraud, still if, added to an inadequate price, the officer in making the sale fails to follow the decree under which the sale is made and an injustice is done, such a sale will be set aside.

APPEAL FROM CLARKE CIRCUIT COURT.

April 15, 1886.

OPINION BY JUDGE HOLT:

It is manifest that the land of the appellant, Mary J. Morton, sold for less than its value. The lower court so found; averaging all the testimony, its value at the time of the sale was $8.25 per acre.

Tested in the same way even the evidence offered by the appellee, Shelby Morton, fixes it at $6.87½ per acre; and he sold it to the appellant in 1870 at near $17 per acre. He purchased it at the decretal sale now in question, which was made in order to pay a balance of the purchase-money, at $4.38 per acre, it having been appraised at $6 per acre. Policy dictates that judicial sales fairly made should be sustained. Hence the rule has been established that they are not to be set aside upon the ground of inadequacy of price alone, unless it be so gross as to import fraud. The creditor is entitled to his debt; and the chancellor is therefore often compelled to confirm sales where the debtor's property has been sold for an inadequate price. He, however, does so with regret; and in such cases his willing ear is open to any evidence showing, in addition to the sacrifice, any irregularity in the sale.

The land in this instance brought more than two-thirds of its appraised value. The sale would not therefore be annulled by reason of inadequate price in the absence of any other circumstance supporting it. No unfairness nor fraud is shown upon the part of the creditor or commissioner who made the sale. The latter, however, acting doubtless under a mistake as to the law, but which he very naturally would make as the legislature had attempted to authorize it in such cases, had the land appraised, and sold it subject to redemption. This was reasonably calculated to discourage bidding and produce a depression in price. The debt for which it was sold was created on April 4, 1870, and matured on October 1, 1870. It is true that the sale was made after the passage of the act of 1878 authorizing the redemption of land sold under decree in case it should not bring two-thirds of its appraised value, and which purported to apply to sales made for debts created before as well as after its passage.

It was, however, held in the case of *Collins v. Collins,* 79 Ky. 88, that the act was unconstitutional so far as it attempted to create a right of redemption as to pre-existing debts. The judgment in this instance did not direct the appraisement to be made or the land to be sold subject to redemption. It follows the commissioner obeyed neither the law nor the judgment. While the decree did not expressly forbid his so selling it, yet it did not authorize it; and as it was forbidden by law, it follows that his action did not conform to the decree. He was a mere agent of the court, and as

such exceeded his power. It may be said that although neither the law or the decree authorized the sale to be so made, yet as the purchaser so bought he would have been estopped to deny the right of the appellant to redeem, if the property had not brought two-thirds of its appraised value; and that as the right has been given for the benefit of the debtor the appellant should not be heard to complain. Suppose, however, that the debtor is not able to redeem; then an absolute sale is likely to be most beneficial to him. A benefit may thus accrue to him, while under other circumstances the right to redeem might be most to his advantage. He may derive a benefit in either direction; and under these circumstances he can not be estopped by the unanticipated action of the commissioner merely from claiming the one because the other looks to his advantage. The officer making a sale should pursue the decree, and the fact that he did not do so in this instance, taken in connection with the apparent inadequacy of °price, require a resale unless the judgment should be otherwise satisfied. Judgment *reversed* and cause remanded for· further proceedings consistent with this opinion.

*George B. Nelson, for appellant.*

*Jas. Flanagan, Haggard & Benton, for appellee.*